■ GEIDE'S INN, INC., Appellant, v. PAPPAS & JANIS REALTY CORP., Respondent, et al., Defendants.— In an action by the assignee of a lessee against the lessor to recover damages for alleged breach of the lease and for equitable relief, plaintiff appeals, as limited by its brief, from what plaintiff asserts is a portion of a judgment of the Supreme Court, Suffolk County, entered May 20, 1968 after a nonjury trial, namely, " which dismissed * * * [the] complaint." Appeal dismissed, with costs. The judgment contains no such decretal provision. However, if the judgment contained such a decretal provision, we would affirm it. Paragraph 36 of the lease provided that the lessor would maintain fire insurance in an amount equal to 80% of the insurable amount of the premises " as same may be determined by an appropriate appraisal by an authorized agency." In our opinion, the wording of this paragraph fully and clearly expresses the purpose and intention of the parties to the lease in clear and concise terms; hence, the trial court properly excluded any testimony which tended to change or modify the meaning of this clause (see *Brainard* v. *New York Cent. R. R. Co.*, 242 N. Y. 125, 133). Parol evidence may not be admitted for the purpose of attempting to vary or contradict an unambiguous lease (*Raleigh Assoc.* v. *Henry*, 302 N. Y. 467). It is also our view that the term " insurable amount " means neither actual value nor replacement value.

It is clear that the lessor and lessee provided that a third party would appraise the property and fix a cash sum that the parties called the "insurable amount". On the date that the premises were totally destroyed by fire the lessor carried insurance in the sum of $111,000. The only testimony admitted in evidence with respect to valuation was by the lessor's expert, Brindley, who was an appraiser for insurance companies. He valued the premises at $130,500. The trial court rejected the testimony of plaintiff's appraiser; and plaintiff does not contend that this was error. It would appear that the lessor carried insurance in excess of 80% of the insurable amount ($130,500). Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.